UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x
BRIDGET F. QUINLAN and WILLIAM QUINLAN,    :
                                                                                   :
                                    Plaintiffs,              :            09 Civ. 7284 (HB)
                                                                                   :
                          -against-                           :            OPINION & ORDER
                                                                                   :
STRYKER CORP., STRYKER ORTHOPAEDICS    :
and STRYKER SALES CORPORATION,               :
                                                                                   :
                                    Defendants.             :
-------------------------------------------------------------------------------x

Hon. HAROLD BAER, JR., United States District Judge:

Before the Court is the request by Plaintiffs Bridget F. Quinlan and William Quinlan ("Plaintiffs") for a jury trial.  Plaintiffs submitted a letter-brief with an untimely jury demand on November 13, 2009.  Defendants Stryker Corp., Stryker Orthopaedics and Stryker Sales Corporation ("Defendants") opposed Plaintiffs' request by letter dated November 25, 2009.  For the reasons set forth below, Plaintiffs' request for a jury trial is granted.

## I.  PROCEDURAL HISTORY

Plaintiffs commenced this product liability action in New York State Supreme Court, Westchester County on July 21, 2009.  Defendants removed the action to this Court on August 18, 2009 and filed and served their answer on August 25, 2009.  At the time Plaintiffs made their appearance in the action in this Court, they had not yet made a demand for a jury trial.  Plaintiffs submitted their letter-brief in support of a request for jury trial on November 13, 2009.  Plaintiff's letter notes that their counsel "did not notice that the defendants had not requested a jury trial with the papers it had filed with the court" and "realized [his] mistake only after conferring with attorney with the defendants . . . in preparation for the pretrial conference."  Defendants' November 25, 2009 letter in opposition to Plaintiffs' jury demand argues that Plaintiff has not provided a valid reason or explanation for its delay in seeking a jury trial, and that inadvertence is insufficient to excuse an untimely demand.

## II.  DISCUSSION

Rule 38(b)(1) of the Federal Rules of Civil Procedure requires a party seeking a jury trial to submit a demand in writing "no later than 10 days after the last pleading directed to the issue

is served." Fed. R. Civ. P. 38(b)(1).  A party waives its right to a jury trial if a demand is not timely served.  Fed R. Civ. P. 38(d).  Rule 39(b) permits a district court to use its discretion in granting an untimely demand for jury trial; however, the Second Circuit has "constrained this discretion and requires more than just 'inadvertence' to justify ordering a jury trial despite noncompliance with Rule 38."  *Lum v. Discovery Capital Mgmt., LLC*, 625 F. Supp. 2d 82, 83-84 (D. Conn. 2009) (citing, *inter alia*, *Noonan*, 375 F.2d 69, 70 (2d Cir. 1967)).

Jury demands in cases that have been removed from state court are governed by Rule 81. That Rule sets forth three scenarios and the deadlines for jury demand in each.  First, where a party has already claimed a right to a jury trial in state court, that party need not renew that demand in federal court after removal.  Fed. R. Civ. P. 81(c)(3)(A).  Second, where applicable state law concludes that no express jury demand is necessary for the cause of action pled, then a party need not make a demand after removal unless or until the district court so orders.  *Id.* Third, where all pleadings in a case were filed before removal, a party must make its jury demand within ten days of the notice of removal.  Fed. R. Civ. P. 81(c)(3)(B).

The Second Circuit has recognized that cases that have been removed to the federal court from the New York Supreme Court fall within a well-recognized "gray area" and are not expressly governed by the scenarios set forth in Rule 81(c).  *E.g.*, *Cascone v. Ortho Pharmaceutical Corp.*, 702 F.2d 389, 391 (2d Cir. 1983); *Higgins v. Boeing Co.*, 526 F.2d 1004, 1007 (2d Cir. 1975).  The applicable New York law provides no specific time frame for filing a jury demand in the state court; thus, a jury demand may be filed even at an advanced stage of the proceeding, and judges retain broad discretion to permit late jury demands absent undue prejudice.  *See* N.Y. C.P.L.R. § 4102 (requiring jury demand upon the filing of the note of issue); *Lum*, 625 F. Supp. 2d at 84.  The Second Circuit has bought into the state concept and has held that "this discretionary right must be read into the language of Rule 81(c)."  *Higgins*, 526 F.2d at 1007.  Thus, we read in Cascone:

> [a]lthough we may not overlook lack of compliance with the federal procedural rules in removed cases, *there is nonetheless some 'play in the joints' for accommodating a removed party who may not be at ease in the new surroundings imposed on him.*  In removed cases, the argument for applying the rigid *Noonan* constraints on the district court's discretion is simply not as strong.

702 F.2d at 392 (emphasis added).  Put another way, *Noonan*'s direction that "mere inadvertence" is not an excuse for an untimely jury demand is inapplicable to removed cases.

Rather, the Second Circuit has directed that district courts "ought to approach each application . . . with an open mind and an eye to the factual situation in that particular case, rather than with a fixed policy against granting the application or even a preconceived notion that applications of this kind are usually to be denied." *Id.* (quoting 9 Charles Wright & Arthur Miller, Federal Practice & Procedure § 2334, at 116 (1971)).

Here the Court must address several factors, as initially set forth in *Higgins*, to determine whether an untimely demand for jury trial should be granted: (1) does the state court have broad discretion in granting untimely jury demands; (2) are the claims traditionally tried to a jury; (3) whether the parties were operating on the assumption that the trial would be a bench trial; and (4) whether the party opposing the jury demand somehow consented to a jury trial or, if not, whether to allow a jury trial would be unduly prejudicial. *See, e.g.*, *Ammirato v. Duraclean Int'l, Inc.*, CV 07-5204 (ARL), 2009 U.S. Dist. LEXIS 106713, at *3-4 (E.D.N.Y. Nov. 16, 2009); *Lum*, 625 F. Supp. 2d at 84; *Zhao v. State Univ. of N.Y.*, No. 04-CV-210 (JFB), 2008 U.S. Dist. LEXIS 110369, at *5 (E.D.N.Y. July 15, 2008). Prejudice is usually only found where the party opposing a jury trial provides an explanation of actions its counsel did or did not take based on the assumption that there would be a bench trial. *E.g.*, *Perelman v. Camp Androscoggin Jr.-Sr., Inc.*, No. 06-13020, 2008 WL 199475, at *3 (S.D.N.Y. Jan. 22, 2008). The opposing party must go "beyond mere conclusory affirmations of prejudice." *Elgarhi v. Dreis & Krump Mfg. Co.*, 131 F.R.D. 429, 430 (S.D.N.Y. 1990). Often prejudice is found where the opposing party has acted under the assumption of a bench trial for a substantial period of time. *See, e.g.*, *Ammirato*, 2009 U.S. Dist. LEXIS 106713 at * 4-5 (finding prejudice as result of fourteen-month delay in jury demand); *Ajnoha v. JC Penney Life Ins. Co.*, 480 F. Supp. 2d 663 (E.D.N.Y. 2007) (finding prejudice where defendant operated under assumption there would be bench trial for two years).

As the Second Circuit has acknowledged, New York courts have broad discretion to grant this type of request. *See Cascone*, 702 F.2d at 391. Further, this type of action (products liability) is traditionally tried to a jury. *E.g.*, *Ballack v. Biomet, Inc.*, 96-CV-0145(JG), 1996 U.S. Dist. LEXIS 22709, at * 7 (E.D.N.Y. July 29, 1996) ("This case is a products liability action, and raises issues traditionally triable by juries."); *Van Zandt v. Uniroyal, Inc., Peerless Tire Div.*, 529 F. Supp. 482, 484 (W.D.N.Y. 1982). Although Defendants may have been operating under the assumption that this would be a bench trial, they couldn't have been doing so for long, since the parties have yet to conduct extensive discovery – indeed, the Rule 16

conference was only held on November 4. *See Lum*, 625 F. Supp. 2d at 84. Finally, Defendants have not argued, much less shown any evidence of, any prejudice that would befall them if the request for jury trial were granted. *See, e.g., Perelman*, 2008 WL 199475 at *3 (granting plaintiffs' untimely request for jury trial where defendants had given no "compelling and specific explanation as to how a jury will be prejudicial"). Moreover, this case had been pending for less than three months when Defendants first became aware of Plaintiffs' intent to request a jury trial. Under these circumstances, it is appropriate to grant Plaintiffs' untimely jury demand.

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs' request for a jury trial in this action is GRANTED.

**IT IS SO ORDERED.**

**New York, New York**
**December __, 2009**

_____
                                            U.S.D.J.

4